UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEARS HOME APPLIANCE SHOWROOMS, LLC, *et al.*, | |
| Plaintiffs/Counter-Defendants and Third Party Defendants, | No. 15-cv-04414 |
| v. | |
| APPLIANCE ALLIANCE, LLC, *et al.*, | |
| Defendants/Counter-Plaintiffs. | Judge John Z. Lee<br>Magistrate Judge Maria Valdez |

## PLAINTIFFS' MOTION FOR JUDGMENT OR IN THE ALTERNATIVE FOR DEFAULT JUDGMENT

Plaintiffs Sears Home Appliance Showrooms, LLC ("SHAS") and Sears Authorized Hometown Stores, LLC ("SAHS") (collectively "Plaintiffs") hereby move the Court under Fed. R. Civ. Pro. 54 for a Motion for Judgment, or in the alternative, for Default Judgment under Fed. R. Civ. Pro. 55(b)(2), against Defendants Appliance Alliance, LLC ("Appliance Alliance"), Brent Turley and Minena Turley (collectively "Defendants"), stating as follows:

1.  The Court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties "if the court expressly determines that there is no just reason for delay." Fed. R. Civ. Pro. 54(b). Here, there is no just reason to delay entering a final judgment on fewer than all claims.

2.  The Court already determined that Plaintiffs properly terminated their relationship with Defendants pursuant to the Franchise Agreements (Doc. 138, p. 29), and Defendants breached the Franchise Agreements (*Id.* at p. 32) and the Promissory Notes (*Id.* at p. 34). There is no dispute that Plaintiffs are entitled to reasonable attorneys' fees, costs, and expenses pursuant to the Promissory Notes and Franchise Agreements, and Plaintiffs can tender

1

to the Court sufficient documentary evidence for the Court to determine the amount of attorneys' fees, costs, and expenses recoverable by Plaintiffs as the prevailing party.

3. Counsel for Plaintiffs have made numerous attempts to discuss the issue of damages with counsel for Defendants. On July 3, 2018, counsel for Defendants explicitly told counsel for Plaintiffs (numerous times) that Defendants *could not* satisfy any judgment. On July 24, 2018 and August 1, 2018, counsel for Plaintiffs invited Defendants to discuss a resolution and forwarded Plaintiffs' damages calculations. (*See* Correspondences, attached as Exhibit A). Counsel for Defendants did not respond.

4. At the August 15, 2018 hearing, counsel for Plaintiff learned that Defendants were "contesting" the damages.

5. Yet, on August 22, 2018, counsel for Defendants told counsel for Plaintiff that despite informing the Court that Defendants would like to retain experts to evaluate the issue of damages, Defendants were unlikely to do so, and had no desire to expend any additional funds on this litigation. Defendants nonetheless were unwilling to stipulate to any damages (even the damages that could be reasonably calculated in the Promissory Notes and Franchise Agreements), would not agree to a voluntary judgment, and were not (and, according to their counsel, will never be) in a position to pay for any judgment entered against Defendants.

6. A party may apply to the court for a default judgment when a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. Pro. 55. When considering a motion for default judgment, a court often must hold a hearing to determine damages. *O'Brien v. R. J. O'Brien & Assoc., Inc*., 998 F.2d 1394, 1404 (7th Cir. 1993). However, if the damages are "capable of ascertainment from definitive figures contained in documentary evidence or detailed affidavits," such a hearing is unnecessary. *Id.*

7. In this case, a hearing to determine the amount of debt owed by Defendants is unnecessary. Plaintiffs have provided sufficient documentary evidence for the Court to determine the amount of debt owed by Defendants to Plaintiffs. Plaintiffs provided the Franchise Agreements signed by Appliance Alliance and the Promissory Notes as exhibits to the Complaint (Compl., Ex. A and B, respectively).

8. The Promissory Notes establish the principal amount owed and puts forward the terms and conditions of the loan, including the interest that would accrue on any payment due, not to exceed 18%. The Franchise Agreements establish the fees Defendants agreed to pay, including interest of all past due amounts owed under the Franchise Agreement (Comp. ¶ 22), the losses SHAS would experience as a result of the premature termination (*id*., ¶ 28), and the prevailing party's costs, expenses, including reasonable attorneys' fees to enforce their rights under the Franchise Agreements (*id*., ¶ 29).

9. The total amounts owed, including Plaintiffs' calculation of the amount Defendants paid and what is owed as a result of Defendants' breach, is verified by the declarations of Rudy Mazak, Vice President of SAHS and Jon Philips, Divisional Vice President, Business Development of SAHS. (*See* R. Mazak Dec., Aug. 11, 2017; J. Phillips Dec., Sep. 17, 2018, attached as Exhibit B). Further, $506,590.82 in attorneys' fees, costs, and expenses have been incurred. (*See* B. Schnell Dec., Sep. 27, 2018, attached as Exhibit C). Therefore, the Court can, with reasonable certainty, determine the amount owed by Defendants to Plaintiffs without holding a hearing to do so.

WHEREFORE, Plaintiffs Sears Home Appliance Showrooms, LLC and Sears Authorized Hometown Stores, LLC respectfully request that this Court grant their motion for

judgment, or in the alternative, grant their motion for default judgment against Defendants, and for any further relief as the Court deems proper.

                                            Respectfully submitted,

*Sears Home Appliance Showrooms, LLC and*
*Sears Authorized Hometown Stores, LLC*

Dated: September 28, 2018        By:   s/Sylvia Bokyung St. Clair
                                                      One of Their Attorneys

Stacey L. Smiricky (IL #6278472)
Sylvia Bokyung St. Clair (IL #6314062)
311 South Wacker Drive
Suite 4300
Chicago, Illinois 60606
Tel. No. (312) 212-6500
Fax No. (312) 212-6501
Stacey.smiricky@faegrebd.com
Sylvia.stclair@faegrebd.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2018, I electronically filed the foregoing **PLAINTIFFS' MOTION FOR JUDGMENT OR IN THE ALTERNATIVE FOR DEFAULT JUDGMENT** with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys listed below:

> Emil Lippe, Jr.
> Lippe & Associates
> Merit Tower
> 12222 Merit Drive, Suite 1200
> Dallas, TX 75251
> emil@texaslaw.com
>
> Jeffrey E. Crane
> Law Office of Jeffrey E. Crane, LLC
> 1363 Shermer Road, Suite 222
> Northbrook, IL 60062
> jeff@jeffcranelaw.com
>
> William Jeffrey Factor
> Factor Law
> 105 W. Madison St., Suite 1500
> Chicago, IL 60602
> wfactor@wfactorlaw.com

                                                  s/Sylvia Bokyung St. Clair
                                                        Sylvia Bokyung St. Clair